QUESTIONS: 1. What is the proper expert witness fee for a psychiatrist employed at the state mental institution in Chattahoochee for testimony given at a competency hearing? 2. Is a psychiatrist employed at the state mental institution in Chattahoochee entitled to per diem and mileage in addition to the witness fee when testimony is given at a competency hearing?
SUMMARY: A state-employed psychiatrist who gives expert testimony at a hearing to determine the mental condition of a defendant in a criminal case is entitled to a reasonable witness fee pursuant to s. 918.11, F.S., but is not entitled to per diem and mileage under s. 112.061, F.S. AS TO QUESTION 1: I understand that the competency hearing to which you refer is the criminal proceeding pursuant to Rule 3.210(a)(1), Fla. CrPR, to determine the mental competency of a defendant to stand trial. In AGO 072-84 I stated that, in order to be entitled to be paid an expert witness fee in a criminal case, a witness must come within the terms of either s. 914.06 or s. 918.11, F.S., and that s. 90.321, F.S., authorizing the payment of $10 per hour, would not apply. Thus, s. 918.11, which provides that expert witnesses appointed by the court to determine the mental condition of a defendant in a criminal case shall be allowed a reasonable fee for services rendered as a witness, would be applicable here. Although s. 918.11, F.S., does not specify who is to make the determination of reasonableness of the fee, it is logical to assume that it is to be made by the presiding judge. Whether the amount requested in the particular instance you mentioned is excessive is within the discretion of the presiding judge, and it would not be proper for me to question it. AS TO QUESTION 2: As to whether an expert witness may receive both the witness fee provided by s. 918.11, F.S., and per diem and mileage as provided by ss. 112.061(6) and (7), F.S. (1974 Supp.), the Florida Administrative Code, Ch. 22A-8.13A.1 provides: An employee subpoenaed as a witness, not involving personal litigation, shall be granted administrative leave with pay, and any witness fees shall be retained by the employee. The agency shall not reimburse the employee for meals, lodging, and travel expenses incurred while serving as a witness. Section 112.061(3), F.S. (1974 Supp.), prescribes the procedure for the authorization of traveling expenses. Subsection (b) thereof provides: Traveling expenses of travelers shall be limited to those expenses necessarily incurred by them in the performance of a public purpose authorized by law to be performed by the
agency and must be within the limitations prescribed by this section. Presumably, if the state-employed psychiatrist is an expert witness at a competency hearing, he would be appearing in his individual capacity as a psychiatrist and not as a representative of a state agency and performing a public purpose. Thus, he would not be entitled to per diem and mileage under s.112.061(3)(b) and the implementing rule, supra. (This opinion should not be construed to apply to an employee subpoenaed in the line of duty to represent a state agency as a witness, which is covered by Rule 22A-8.13A.3, F.A.C.) Therefore, your second question is answered in the negative.